Reese, J.
delivered the opinion of the court..
In the case of Bell vs. Morrison, 1 Peters. 262, the supreme court of the United .States, lay down this principle as .applicable to the statutes of limitations, “if there be no express promise, but a promise is to be raised by implication of law from the acknowledgement of the party, such acknowl-edgement ought to contain' an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay.” The expression of the plaintiffin error in this case to the agent of the defendant in error, when the latter asked him to amend the affidavit spoken of in the proof, £hhat when he came to Tennessee he would fix it, or arrange it,” is not an; unqualified and direct admission, nor any admission of a previous subsisting debt or liability, and much less was it an acknowledgement of a debt or liability then existing and “which he was willing to pay.” The conversation was of the affidavit asid of its amendment, and the expression had relation to that. The principle above referred to, is stated by the judge, who delivered the opinion of the court in the case of Belote vs. Wynne, 7 Ver. 542, and received in that case, the decided sanction of this court. In the case before us there was no evidence whatever to sustain the finding of *455 the jury on the plea of the statute of limitations, and the circuit court should for that reason have granted a new trial. Let the judgment be reversed and the case sent back to be again tried.
Judgment reversed.